STILWELL, In re. See Cases Nos. 13,447 and 13,448.

---

## Case No. 13,452.

STILWELL et al. v. The MAJOR ANDERSON.

[N. Y. Times, April 19, 1865.]

District Court, D. New York. 1865.

SALVAGE—VESSEL ADRIFT IN HARBOR.

This was an action [by Adrian Stilwell and others against the canal-boat Major Anderson], brought to recover salvage. The canal-boat, in January, 1864, had been made fast to another vessel in the port of New York, and during the nighttime was cut adrift by ice running in force in the bay, and was carried by an ebb tide from her moorings toward the sea, without any person on board. Being discovered in that condition by the libelants. they went out to her in a small boat, took possession of her, and made her secure. Her owners having demanded possession of her. it was given up to them, but the libelants thereafter filed this libel, which the claimants resisted on the merits. and also on the ground that the subject was not within the jurisdiction of the admiralty.

Mr. Haskett, for libelant.

Mr. Sanxxay, for claimant.

HELD BY THE COURT. That the facts constitute a case legally coming within the cognizance of the court. That salvage law as recognized and administered in this court has always been understood to comprehend all cases of property taken possession of on navigable waters at sea, and there rescued from peril or helped by necessary aid and assistance contributed voluntarily by persons not bound to give it. That the proofs do not constitute a case for excessive compensation, but as the vessel was floating out to sea in the ice without any one on board. and was thus exposed to dangerous hazard of destruction or serious damage, and opportune and

valuable assistance was afforded to her by the libelants, they are entitled to salvage compensation. That the delivery of possession to the claimant does not import a relinquishment of the lien on the boat given by law to the libelants for the salvage services rendered by them.

Decree that the libelants recover a salvage compensation for the services, and that it be referred to the clerk to ascertain and report the value thereof.